IN THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION

DANIEL HOFFMAN, as Personal
Representative of the Estate of
ANDREA M HOFFMAN, Deceased,

      Plaintiffs,

-vs.-

      Case No. _____

ATLANTIC COAST
CARRIERS, INC., a foreign
for profit corporation, and
TIMOTHY E. ODOM,

      Defendants.

## COMPLAINT

Plaintiff, DANIEL HOFFMAN, as Personal Representative of the Estate of ANDREA M. HOFFMAN, Deceased, by and through the undersigned attorneys sues the Defendants, ATLANTIC COAST CARRIERS, INC., a foreign for profit corporation, and TIMOTHY E. ODOM, and alleges the following:

### STATEMENT OF JURISDICTION

1.    This is an action for damages which exceeds the sum of seventy five thousand ($75,000.00) dollars, exclusive of attorneys fees, interests and costs.

2.    Plaintiff, DANIEL HOFFMAN, as personal representative of the Estate of ANDREA HOFFMAN, is a resident of the state of Michigan.

3. Defendant, ATLANTIC COAST CARRIERS, INC. is a foreign for profit corporation with its principal business address located at 243 Alma Highway, Hazlehurst, Georgia, 31539.

4. Defendant TIMOTHY E. ODOM, was at all times material an employee acting within the course and scope of his employment with Defendant ATLANTIC COAST CARRIERS, INC. Defendant TIMOTHY E. ODOM, is an individual residing in the state of Georgia with his principal residence address being 1711 Hatch Parkway North, Lot 5, Baxley, Georgia 31513.

5. In addition to the amount in controversy exceeding $75,000, there is complete diversity of citizenship between the parties, therefore, pursuant to 28 U.S.C §1332, this court has federal subject matter jurisdiction over this cause of action.

6. The events giving rise to this suit occurred in Walton County, Florida, therefore venue is proper in the Northern District of Florida, Pensacola Division.

## ALLEGATIONS COMMON TO ALL COUNTS

7. On or about February 23, 2012, the Defendant ATLANTIC COAST CARRIERS, INC., owned a commercial motor vehicle which was being operated with its permission, knowledge and consent by Defendant, TIMOTHY E. ODOM, on Interstate 10, near the city of DeFuniak Springs in Walton County, Florida.

8. At the time and place aforementioned, the Defendant TIMOTHY E. ODOM, so negligently operated and maintained the ATLANTIC COAST CARRIERS, INC. commercial motor vehicle so as to cause it to come into violent contact with a motor vehicle operated by the decedent ANDREA M. HOFFMAN, at or near the exit/on-ramp to Interstate 10 at U.S. Highway 331 in Walton County, Florida.

9. At the time and place aforementioned, the Defendant, TIMOTHY E. ODOM, had a duty to operate the subject tractor-trailer with extreme caution pursuant to §392.14 of the *Federal Motor Carrier Safety Administration Regulations*.

10. As a result of the negligence of Defendant TIMOTHY E. ODOM, the ATLANTIC COAST CARRIERS, INC., commercial motor vehicle was negligently and carelessly crossing U.S. Highway 331 in an unlawful and illegal fashion, creating an extremely dangerous and highly hazardous situation.

11. As a direct result of the negligence of the Defendant TIMOTHY E. ODOM, the ATLANTIC COAST CARRIERS, INC. commercial motor vehicle was caused to block U.S. Highway 331 and directly caused a very serious and fatal collision to occur between the subject commercial motor vehicle and the motor vehicle operated by the decedent, ANDREA M. HOFFMAN.

12. At all times material hereto, the Defendant, TIMOTHY E. ODOM, was an employee in the course and scope of his employment with the Defendant, ATLANTIC COAST CARRIERS, INC.

13. At the time and place of the subject accident, the Defendant, TIMOTHY E. ODOM, was either an employee acting within the course and scope of his employment with the Defendant, ATLANTIC COAST CARRIERS, INC. and/or was an apparent agent acting within his actual and/or apparent authority of the Defendant, ATLANTIC COAST CARRIERS, INC.

14. At the time and place of the subject accident, the Defendant, TIMOTHY E. ODOM, was performing his job duties given to him by the Defendant, ATLANTIC COAST CARRIERS, INC.

15. At the time and place of the subject accident, the Defendant, ATLANTIC COAST CARRIERS, INC. received a financial benefit as a result of the job duties and performance of the work given to the Defendant, TIMOTHY E. ODOM.

16. At the time and place of the subject accident, the Defendant, ATLANTIC COAST CARRIERS, INC. was a registered owner of the subject commercial motor vehicle, tractor, chassis, container and/or trailer.

17. At the time and place of the subject accident, the Defendant, TIMOTHY E. ODOM, was authorized and permitted to be operating the subject tractor-trailer and had been given such authorization and permission by the Defendant, ATLANTIC COAST CARRIERS, INC.

18. At the time and place of the subject accident, the Defendant, ATLANTIC COAST CARRIERS, INC., was vicariously liable for the actions and/or inactions of its employee, driver, representative, agent and/or apparent agent, TIMOTHY E. ODOM.

19. As a result of the negligence of the Defendant, TIMOTHY E. ODOM, and as a direct result of the injuries sustained in the subject collision caused by the Defendant's negligence, the decedent, ANDREA M. HOFFMAN, was wrongfully killed.

20. This is an action brought pursuant to the provisions of the *Florida Wrongful Death Act*, §768.16 et. seq., Florida Statutes, for the wrongful death of the decedent, ANDREA M. HOFFMAN.

21. At all times material hereto, the decedent, ANDREA M. HOFFMAN, was the natural mother of Haley Hoffman, a minor child.

22. Haley Hoffman is under the age of 18 and, pursuant to §768.18, Florida Statutes, is classified as a survivor of the decedent, ANDREA M. HOFFMAN, on the date of her death.

23. The Plaintiff, DANIEL HOFFMAN, has been appointed Personal Representative of the Estate of ANDREA M. HOFFMAN, decedent, in Walton County, Florida. (A copy of the Letters of Administration and Order Appointing Personal Representative are attached hereto as Plaintiff's Exhibit "A").

24. On the date of her death, February 23, 2012, the decedent, ANDREA M. HOFFMAN, had the following statutory survivors: Spouse, DANIEL HOFFMAND and minor child, HALEY HOFFMAN.

25. As a direct and proximate result of ANDREA M. HOFFMAN'S wrongful death, the surviving spouse and minor child of ANDREA M. HOFFMAN, and her Estate have been damaged as follows:

   a. HALEY HOFFMAN has sustained devastating mental pain, anguish and suffering from the date of the injury and death of her beloved mother, ANDREA M. HOFFMAN, under such egregious circumstances, and she will continue to suffer devastating mental pain, anguish and suffering over the injury and death of her mother as long as she lives. She has also sustained lost parental companionship, instruction and guidance from the date of her mother's injury and death, and will continue to suffer such losses for the remainder of her life;

   b. DANIEL HOFFMAN, has sustained devastating mental pain, anguish and suffering from the date of the injury and death of his beloved wife, ANDREA M. HOFFMAN, under such egregious circumstances, and he will continue to suffer devastating mental pain, anguish and suffering over the injury and death of his wife as long as he lives. He has also sustained lost companionship, support and services from ANDREA M. HOFFMAN from the date of her injury and death, and will continue to suffer such losses for the remainder of his life;

   c. The family, surviving spouse and child and Estate have suffered funeral and other medical expenses resulting from the wrongful death of ANDREA M. HOFFMAN;

   d. The Estate and the surviving spouse and children of ANDREA M. HOFFMAN have suffered the loss of support and services from the decedent ANDREA M. HOFFMAN, in the past and will continue to suffer such loss into the future, with interest;

6

  e. The Estate and the surviving spouse and child have suffered the loss of the prospective net accumulations of the decedent's estate that were expected and would have been accumulated by the decedent, ANDREA M. HOFFMAN, but for her wrongful death.

26. At the time of the death of ANDREA M. HOFFMAN, his surviving spouse and minor child, and the appointed Personal Representative, DANIEL HOFFMAN, were residents of the State of Michigan.

### COUNT I – NEGLIGENCE OF TIMOTHY E. ODOM

27. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28. The Defendant, TIMOTHY E. ODOM, negligently operated the subject tractor-trailer and caused the subject motor vehicle accident.

29. The Defendant, TIMOTHY E. ODOM, was negligent in all of the following ways and/or aspects:

  a. Failing to use extreme caution in the operation of the commercial motor vehicle;

  b. Failing to safely operate and/or drive the commercial motor vehicle and failing to yield right-of-way;

  c. Failing to properly operate the subject truck and failing to keep a proper lookout;

  d. Creating a dangerous, unsafe and hazardous condition by unlawfully crossing over the lanes of travel of U.S. Highway 331 in the relevant conditions;

  e. Failing to advise other motorists that he would be crossing over U.S. Highway 331 before he illegally and unlawfully crossed over such road;

  f. By unlawfully and illegally crossing over U.S. Highway 331 in the relevant conditions;

  g. Failing to clear the entire area of U.S. Highway 331 before he illegally and unlawfully crossed over such road;

    h. Failing to exercise due care under all of the relevant circumstances;

    i. Failing to bring his commercial motor vehicle to a complete stop at the subject stop sign;

    j. Negligently operating the subject tractor-trailer by failing to stop at the stop sign and by illegally and unlawfully crossing over the subject lanes of U.S. Highway 331 while attempting re-enter Interstate 10, the same Interstate highway that he had just exited.

30. As a direct and proximate result of the negligence of the Defendant, TIMOTHY E. ODOM, the decedent ANDREA M. HOFFMAN, was wrongfully killed and the decedent's Estate and surviving spouse and minor child have suffered losses and damages.

WHEREFORE, the Plaintiff, DANIEL HOFFMAN, as Personal Representative of the Estate of ANDREA M. HOFFMAN, deceased, hereby demands judgment for compensatory damages, costs, prejudgment and post-judgment interest, and such other and further relief as the Court may deem appropriate under the circumstances against the Defendants, ATLANTIC COAST CARRIERS and TIMOTHY E. ODOM. Plaintiff further demands trial by jury. Plaintiff hereby demands damages for the surviving spouse and minor child and the Estate of ANDREA M. HOFFMAN. Plaintiff reserves the right to assert a claim for punitive damages against the Defendants.

## COUNT II – VICARIOUS LIABLITY OF ATLANTIC COAST CARRIERS, INC.

31. The Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

32. The Defendant, TIMOTHY E. ODOM, negligently operated the subject tractor-trailer and caused the subject motor vehicle accident while acting within the course and scope of his employment with the Defendant, ATLANTIC COAST CARRIERS, INC.

33. The Defendant, TIMOTHY E. ODOM, was negligent in all of the following ways and/or aspects:

    a. Failing to use extreme caution in the operation of the commercial motor vehicle;

    b. Failing to safely operate and/or drive the commercial motor vehicle and failing to yield right-of-way;

    c. Failing to properly operate the subject truck and failing to keep a proper lookout;

    d. Creating a dangerous, unsafe and hazardous condition by unlawfully crossing over the lanes of travel of U.S. Highway 331 in the relevant conditions;

    e. Failing to advise other motorists that he would be crossing over U.S. Highway 331 before he illegally and unlawfully crossed over such road;

    f. By unlawfully and illegally crossing over U.S. Highway 331 in the relevant conditions;

    g. Failing to clear the entire area of U.S. Highway 331 before he illegally and unlawfully crossed over such road;

    h. Failing to exercise due care under all of the relevant circumstances;

    i. Failing to bring his commercial motor vehicle to a complete stop at the subject stop sign;

    j. Negligently operating the subject tractor-trailer by failing to stop at the stop sign and by illegally and unlawfully crossing over the subject lanes of U.S. Highway 331 while attempting re-enter Interstate 10, the same Interstate highway that he had just exited.

34. As a direct and proximate result of the negligence of the Defendant, TIMOTHY E. ODOM, for which his employer Defendant ATLANTIC COAST CARRIERS, INC. is vicariously liable pursuant to the doctrine of respondeat superior, the decedent ANDREA M. HOFFMAN, was wrongfully killed and the decedent's Estate and surviving spouse and minor child have suffered losses and damages.

WHEREFORE, the Plaintiff, DANIEL HOFFMAN, as Personal Representative of the Estate of ANDREA M. HOFFMAN, deceased, hereby demands judgment for compensatory damages, costs, prejudgment and post-judgment interest, and such other and further relief as the Court may deem appropriate under the circumstances against the Defendants, ATLANTIC COAST CARRIERS and TIMOTHY E. ODOM. Plaintiff further demands trial by jury. Plaintiff hereby demands damages for the surviving spouse and minor child and the Estate of ANDREA M. HOFFMAN. Plaintiff reserves the right to assert a claim for punitive damages against the Defendants.

Respectfully submitted,

Perry & Young, P.A.

By: _____

H. Lawrence Perry, Esquire
Florida Bar No. 059765
Les McFatter, Esquire
Florida Bar No. 0147362
2612 W. 15th St
Panama City FL  32401
Phone:(850) 215-7777
Fax:(850) 215-4777
**Attorneys for Plaintiff**